## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| HOFFMANN BROTHERS HEATING AND AIR CONDITIONING, INC., <br><br>Plaintiff,<br><br>vs.<br><br>HOFFMANN AIR CONDITIONING & HEATING, LLC and THOMAS E. HOFFMANN,<br><br>Defendants. | Case No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Hoffmann Brothers Heating and Air Conditioning, Inc. ("Hoffmann Brothers"), for its Complaint against Defendants Hoffmann Air Conditioning & Heating, LLC ("HACH") and Thomas E. Hoffmann ("Thomas Hoffmann") (collectively "Defendants"), alleges as follows:

## PARTIES

1. Plaintiff Hoffmann Brothers is a Missouri corporation with its principal place of business within this District, at 1025 Hanley Industrial Ct., St. Louis, Missouri 63144. Hoffmann Brothers is in the business of installing and repairing heating, ventilation, and air conditioning equipment; repairing heating, plumbing, air conditioning, and electrical systems; and repairing household appliances. Since its inception in 1988, Hoffmann Brothers has developed a significant customer base and even greater goodwill, largely due to significant investments in and promotion of its services, customers, and intellectual property. It has since become the preeminent heating and air conditioning servicer in the greater St. Louis metropolitan region in Missouri and Illinois.

2. Defendant HACH is a Missouri limited liability company with its principal place of business within this District, at 1623 Wendover Lane, St. Louis, Missouri 63131. HACH is also in the business of replacing, repairing, and providing maintenance on residential heating and air conditioning systems. HACH competes directly with Hoffmann Brothers in this market.

3. Defendant Thomas Hoffmann is a Missouri resident. Thomas Hoffmann is the owner of HACH.

## JURISDICTION AND VENUE

4. This is an action for trademark infringement and unfair competition arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq., as amended (the "Lanham Act"); for common law trademark infringement and unfair competition under the laws of the state of Missouri; and for breach of contract under the laws of the state of Missouri.

5. The Court has subject matter jurisdiction over the instant matter under 15 U.S.C.§ 1121, and 28 U.S.C. §§ 1331, 1338 and 1367.

6. This Court has personal jurisdiction over Defendants because Defendants do business and reside in the State of Missouri and in this District, and because Defendants' wrongful acts described herein include acts committed in this District.

7. Venue is proper in this District under 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this judicial district, and this is the District in which events giving rise to the claims hereinafter set forth occurred.

## FACTS COMMMON TO ALL CLAIMS

### Plaintiff's Long and Continuous Use Has Established Strong Trademark Rights in the HOFFMANN BROTHERS Mark

8. In 1988, Hoffmann Brothers incorporated as "Hoffmann Brothers Heating and Air Conditioning, Inc." At the same time, Hoffmann Brothers purchased "Linton Heating and Air

2

Conditioning" and operated under that name. However, by the early 1990's, Hoffmann Brothers began operating under the Hoffmann name, first as "Linton-Hoffmann," then as "Hoffmann-Linton," and finally in 2001, as "Hoffmann Brothers."

9. Since 2001, Hoffmann Brothers has continuously and exclusively used the HOFFMANN BROTHERS mark in commerce throughout the greater St. Louis region in Missouri and Illinois, establishing strong common law trademark rights in the HOFFMANN BROTHERS mark. The HOFFMANN BROTHERS mark has been prominently and repeatedly featured in, among other things, Hoffmann Brothers' website, social media accounts, TV commercials, radio spots, vehicles, and various other marketing materials.

10. Consistent with Hoffmann Brothers' common law protection in the HOFFMANN BROTHERS mark, Hoffmann Brothers has applied for registration of the mark on the Principal Register of the U.S. Patent and Trademark Office.

11. Similarly, Hoffmann Brothers is also the owner of all rights, title, and interest in Missouri state trademark registrations for HOFFMANN BROTHERS and HOFFMANN in connection with "Installation and repair of HVAC equipment; residential plumbing, appliance repair, and electrician services."

12. Over the past eighteen years, Hoffmann Brothers has invested and continues to invest substantial resources in promoting its services under the HOFFMANN BROTHERS mark. Indeed, in just the past five years alone, Hoffmann Brothers has spent almost millions of dollars on advertising and promoting its services under the HOFFMANN BROTHERS mark.

13. In addition, in that same five-year period, Hoffmann Brothers has spent over one million dollars on employee training, an investment Hoffmann Brothers makes to ensure all of its employees have the same, across-the-board skill level in performing all of Hoffmann Brothers'

services. This significant investment by Hoffmann Brothers ensures that anyone wearing a uniform bearing the HOFFMANN BROTHERS mark will deliver a consistent quality experience to every customer.

14. Hoffmann Brothers has also developed a well-established HOFFMANN BROTHERS maintenance program for its customers, through which its customers pay a monthly fee entitling them to free annual checkups on their equipment and discounts on Hoffmann Brothers' services. The HOFFMANN BROTHERS maintenance program has yielded strong loyalty to and reliability on Hoffmann Brothers, with customers expecting Hoffmann Brothers to be the sole servicer of their homes.

15. As a result of Hoffmann Brothers' widespread use and promotion of the HOFFMANN BROTHERS mark in conjunction with its superior services, the HOFFMANN BROTHERS mark has acquired a strong and favorable public recognition and secondary meaning identifying Hoffmann Brothers as the preeminent source for installing and repairing heating, ventilation, and air conditioning equipment; repairing heating, plumbing, air conditioning, and electrical systems; and repairing household appliances in the greater St. Louis region in Missouri and Illinois.

16. The HOFFMANN BROTHERS mark has become a distinctive mark of incalculable value uniquely associated with Hoffmann Brothers and its quality services. Among other things, Hoffmann Brothers has received an average 4.9 out of 5.0 rating from over 1,100 Google reviews and an A+ rating from the Better Business Bureau, both accolades reflecting the considerable amount of time, money, and care Hoffmann Brothers has spent and continues to spend in building up the HOFFMANN BROTHERS mark and the services it provides under the mark.

4

**Defendants' Pattern of Deliberate Wrongful Conduct,
Trademark Infringement, and Unfair Competition**

17. Defendants have engaged in a continued pattern of willful, deliberate, and deceptive conduct in order to wrongfully benefit from the good will that Hoffmann Brothers has built up in connection with the HOFFMANN BROTHERS mark.

18. On July 14, 2011, following litigation related to Thomas Hoffmann's departure from the company, Thomas Hoffmann entered into a Settlement Agreement with Hoffmann Brothers and certain of its principals. In the Settlement Agreement, Thomas Hoffmann expressly agreed not to "use the Hoffmann name within the business name of an HVAC business" for a period of four years.

19. On October 2, 2014—prior to the expiration of that four-year express restriction period—Thomas Hoffmann reneged on his express agreement by forming Hoffmann Air Conditioning & Heating, LLC. The Articles of Organization of Hoffmann Air Conditioning & Heating, LLC are attached hereto as Exhibit A and incorporated herein. Though Defendants initially operated under the trade name "ENGINEERED SOLUTIONS," they still used "the Hoffmann name within the business name of an HVAC business," in breach of the Settlement Agreement.

20. Then, in the summer of 2017, Defendants compounded their improper conduct by suddenly changing from operating under the ENGINEERED SOLUTIONS trade name to using the confusingly similar HOFFMANN AIR CONDITIONING & HEATING as its trade name. Defendants purchased the URL www.hoffmannairconditioning.com and simply copied its existing website with the new trade name being the only material change.

21. Defendants began operating under HOFFMANN AIR CONDITIONING AND HEATING in order to trade off of the good will built by Hoffmann Brothers over many years.

5

22.     In an attempt to further trade off of the good will in the HOFFMANN BROTHERS mark, in or about May 2018, Defendants began running pay-per-click campaigns using the HOFFMANN BROTHERS mark, so that when a current or potential customer enters an online search for "Hoffmann Brothers" or "Hoffman Brothers," Thomas Hoffmann's company—Hoffmann Air Conditioning & Heating—is one of the first search results to appear. In fact, HACH used "HOFFMANN BROTHERS" in its own banner ads, as depicted below:



23.     Hoffmann Brothers' long years of advertising and online presence had created a very high, strong, and organic search ranking under the HOFFMANN BROTHERS mark. Now, however, as a result of Defendants' unfair and deceptive practices, Hoffmann Brothers has had to spend additional thousands of dollars to run a pay-per-click campaign just to counter

6

Defendants' efforts to deceive and mislead customers and potential customers, forcing Hoffmann Brothers to pay for every click on its own name when, but for Defendants' unfair and deceptive practices, Hoffmann Brothers would never have to pay for clicks on its own name.

**Breach of Contract Resulting in Trademark Infringement and Unfair Competition**

24. In addition to agreeing not to use "the Hoffmann name" for four years, Thomas Hoffmann agreed in the Settlement Agreement that he would: (i) "destroy" any of Hoffmann Brothers' "information or data in his possession, custody or control," and (ii) "retain a third party to remove any [Hoffman Brothers] information from the [Hoffmann Brothers] computer in [his] possession."

25. The information and data that Thomas Hoffmann agreed to destroy included Hoffmann Brothers' forms (such as invoices) and advertising material (such as professional photographs depicting Hoffmann Brothers employees, commissioned for use in advertisements).

26. Thomas Hoffmann broke his promise. Instead of destroying Hoffmann Brothers' data and information, Thomas Hoffmann and HACH began using Hoffmann Brothers' invoice form to send to Defendants' customers. The misappropriated invoices featured the name HOFFMANN in a stylized font copied directly from the Hoffmann Brothers invoice—the invoice that Thomas Hoffmann had retained in breach of his promises in the Settlement Agreement. A comparison of relevant portions of the legitimate Hoffmann Brothers invoice with the misappropriated HACH invoice is depicted here:

 

27. Then, in or around October of 2017, Defendants began promoting their company in advertisements that featured images of **_Hoffmann Brothers_** employees wearing **_Hoffmann Brothers_** uniforms that featured the HOFFMANN BROTHERS mark.  The images were, of course, stolen from Hoffmann Brothers' own advertisements—advertisements paid for by Hoffmann Brothers.  Two such stolen images are depicted here, as used in Defendants' advertisements:



**Defendants' Wrongful Conduct Is Causing Widespread Actual Confusion among Customers Throughout the Region**

28. As a result of Defendants' conduct, customer confusion began almost immediately. Within months of Defendants' change to an infringing name, Hoffmann Brothers began to discover the extent to which Defendants, without permission, and for their own financial gain, were willfully and intentionally trading off the goodwill of the HOFFMANN BROTHERS mark.  Indeed, Hoffmann Brothers came to learn that Defendants were going as far

8

as to claim association with Hoffmann Brothers. Such false representations are highly likely to be accepted by consumers as true.  This is particularly true in emergency situations, in which consumers are singularly focused on receiving the service.

29. Defendants have situated themselves to take advantage of this confusion.  For example, customers often mistakenly call Defendants to schedule an appointment with "Hoffmann Brothers," believing they are calling Plaintiff Hoffmann Brothers. On information and belief, Defendants have on numerous occasions taken these calls, representing to customers that they are associated with Hoffmann Brothers.

30. Customers who mistakenly had Defendants service their homes—believing the Defendants to be associated with Hoffmann Brothers—have had negative experiences, thereby tarnishing Hoffmann Brothers' business reputation and diluting the good will built up over 18 years of Hoffman Brothers' continuous and exclusive use of the HOFFMANN BROTHERS mark.

31. The Defendants' conduct, including their pay-per-click campaigns, their use of the "Hoffmann" name in their URL, and their use of the HOFFMANN BROTHERS mark in their banner ads, has created actual confusion, with multiple instances of customers calling Defendants, believing Defendants to be Hoffmann Brothers.

32. Customers who have purchased Hoffmann Brothers' monthly maintenance membership have been confused by Defendants' conduct. Such customers have, for example, mistakenly called Defendants as a result of a search, and after Defendants have come to their homes to provide maintenance and not given them their expected membership discount, those customers have called Hoffmann Brothers wondering why they are being charged when they pay a monthly membership fee to avoid such charges.

33. The Defendants' willful and intentional infringement of the HOFFMANN BROTHERS mark to create an association with Hoffmann Brothers, and their blatant assertion of such association, falsely indicates to consumers that the Defendants' services originate from, are approved by, are sponsored by, are licensed by, or are otherwise associated or affiliated with Hoffmann Brothers and its services.

34. The Defendants' willful and intentional infringement of the HOFFMANN BROTHERS mark through advertisements has and will continue to cause confusion, to cause mistake, and to deceive consumers regarding the source of the services offered, and has and will continue to cause the dilution of the distinctive quality of the HOFFMANN BROTHER mark.

35. The Defendants' willful and intentional infringement of the HOFFMANN BROTHERS mark and blatant confirmation of such purported association has unjustly enriched the Defendants at the expense of Hoffmann Brothers and its goodwill. Unless these acts of the Defendants are enjoined by this Court, the Defendants' unlawful acts will continue to cause irreparable injury to Hoffmann Brothers and to the public, for which there is no adequate remedy at law.

36. As a result of the Defendants' trademark infringement and unfair competition, Hoffmann Brothers has already suffered, and will continue to suffer, substantial damages and irreparable harm for which there is no adequate remedy at law.

37. On January 25, 2019, counsel for Hoffmann Brothers sent a letter to Defendants describing the wrongful behavior described herein, and insisting that they cease the behavior. Defendants have not ceased their wrongful and deliberate practices.

### COUNT 1: FEDERAL UNFAIR COMPETITION
**(Lanham Act, 15 U.S.C. § 1125(a)) (Both Defendants)**

38. Hoffmann Brothers re-alleges and incorporates by reference the preceding

allegations of the Complaint as if fully set forth herein.

39. Hoffmann Brothers owns all rights in the HOFFMANN BROTHERS mark. The HOFFMANN BROTHERS mark has achieved secondary meaning in the minds of the consuming public as an identifier of Hoffmann Brothers.

40. Defendants use and have used in commerce the name HOFFMANN AIR CONDITIONING & HEATING and the URL www.hoffmannairconditioning.com.

41. Defendants' use of HOFFMANN AIR CONDITIONING & HEATING and the URL www.hoffmannairconditioning.com have caused actual confusion among the consuming public. Further, the foregoing uses have created and will continue to create a likelihood of confusion, deception or mistake on the part of the consuming public HOFFMANN BROTHERS mark.

42. Defendants falsely and intentionally represent that they are affiliated with Hoffmann Brothers. Defendants' false representations of affiliation, connection, or association with Hoffmann Brothers have resulted in actual confusion among the consuming public, and they are likely to confuse the consuming public regarding Defendants' affiliation with Hoffmann Brothers.

43. By their unlawful actions, Defendants have traded off of Hoffmann Brothers' decades of advertising, have stolen customers from Hoffmann Brothers, and have damaged Hoffmann Brothers' reputation and good will.

44. The Defendants' actions, as set forth above, with respect to the HOFFMANN BROTHERS mark have constituted and will continue to constitute a false representation or designation of origin that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the Defendants with Hoffmann Brothers, or as to the

11

origin, sponsorship, or approval of the Defendants' services by Hoffmann Brothers.  Such actions constitute unfair competition in violation 15 U.S.C. § 1125(a).

45. Defendants' actions described herein have been willful and intentional, with knowledge of their wrongful nature.

46. By reason of the foregoing, the Defendants have been unjustly enriched and Hoffmann Brothers has been injured and damaged.  Unless the foregoing alleged actions of the Defendants are enjoined, Hoffmann Brothers will continue to suffer injury and damage.

<b><u>COUNT 2: UNFAIR COMPETITION</u></b><br><b>(Missouri Common Law) (Both Defendants)</b>

47. Hoffmann Brothers re-alleges and incorporates by reference the preceding allegations of the Complaint as if fully set forth herein.

48. The Defendants' unauthorized use of the mark HOFFMANN AIR CONDITIONING & HEATING and the URL www.hoffmannairconditioning.com, combined with their deceptive pay-per-click campaign and their consistent false representations to customers when they mistakenly call the Defendants instead of Hoffmann Brothers, have consistently created a false impression among consumers that the Defendants are associated with Hoffmann Brothers.

49. In so doing, the Defendants have obtained significant business without having to advertise their own services.  Instead, Defendants have traded off of Hoffmann Brothers' good will and recognition arising from decades of advertising decades of advertising.  Defendants have stolen customers from Hoffmann Brothers by not correcting customers' mistakes even when made aware of it, and damaged Hoffmann Brothers' reputation and goodwill by providing customer service that does not meet Hoffman Brothers' high standards, as reflected in, among other things, Hoffman Brothers' extensive training of its technicians.

50. The Defendants' conduct deceives consumers by passing off the Defendants' services as those of Hoffmann Brothers, a form of "commercial hitchhiking" constituting unfair competition in violation of the common law of Missouri.

51. Defendants' actions described herein have been willful and intentional, with knowledge of their wrongful nature.

52. By reason of the foregoing, the Defendants have been unjustly enriched and Hoffmann Brothers has been injured and damaged. Unless the foregoing alleged actions of the Defendants are enjoined, Hoffmann Brothers will continue to suffer injury and damage.

## COUNT 3: BREACH OF CONTRACT
### (Missouri Common Law) (Defendant Thomas E. Hoffmann)

53. Hoffmann Brothers re-alleges and incorporates by reference the preceding allegations of the Complaint as if fully set forth herein.

54. The Settlement Agreement was duly executed and is an enforceable contract between Hoffmann Brothers and Thomas Hoffmann.

55. The Settlement Agreement imposes mutual obligations on the parties.

56. Hoffmann Brothers fully performed its obligations under the Settlement Agreement.

57. Thomas Hoffmann failed to perform the obligations imposed by the Settlement Agreement, including at least: (i) the prohibition against the use of "the Hoffmann name"; (ii) the requirement to "destroy" any of Hoffmann Brothers' information or data; and (ii) the requirement to retain a third party to "remove" any of Hoffmann Brothers' information from the computer in Thomas Hoffmann's possession. These failures constitute breaches of the Settlement Agreement.

58. Each breach of the Settlement Agreement has further allowed the Defendants to

trade off of Hoffmann Brothers' name and goodwill, causing further customer confusion.

59. As a result of the breach by Thomas Hoffmann, Hoffmann Brothers has been damaged in an amount presently unknown but believed to exceed $1,240,000.

60. Thomas Hoffmann's actions described herein have been willful and intentional, with knowledge of their wrongful nature.

61. By reason of the foregoing, Thomas Hoffmann failed to perform the agreement, thus being unjustly enriched and causing substantial damage to Hoffmann Brothers.  Unless the foregoing alleged actions of Defendants are enjoined, Hoffmann Brothers will continue to suffer injury and damage.

## PRAYER FOR RELIEF

WHEREFORE, Hoffmann Brothers prays that this Court enter judgment in its favor and against Defendants as follows:

A. A preliminary and permanent injunction enjoining and restraining Defendants, their agents, servants, employees, attorneys, partners, licensees, divisions, affiliates, parent corporation(s), and all others in active concert or participation with any of them:

　　i. From using, in connection with the promotion, advertising (including, but not limited to, any pay-per-click campaigns), offering, or sale of their services and products, the HOFFMANN BROTHERS mark or any other designation that is confusingly similar to the HOFFMANN BROTHERS mark, that is likely to cause confusion with the HOFFMANN BROTHERS mark, or dilutes or is likely to dilute the HOFFMANN BROTHERS mark, including but not limited to the marks HOFFMANN and HOFFMANN AIR CONDITIONING & HEATING and the URL www.hoffmannairconditioning.com;

  ii. From otherwise competing unfairly with Hoffmann Brothers in any manner including (1) adopting or infringing upon the HOFFMANN BROTHERS mark, or (2) adopting or using any other marks or designations that are confusingly similar to the HOFFMANN BROTHERS mark: and

  iii. From conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to above;

B. That this Court order Defendants to transfer ownership of the URL www.hoffmannairconditioning.com to Hoffmann Brothers;

C. That this Court order Defendants to amend the Articles of Organization to no longer include the HOFFMANN mark;

D. That this Court order Defendants to deliver up for destruction or show proof of destruction of any and all products, advertisements, publications, forms (including, but not limited to, invoices) labels and any other materials in their possession, custody or control (including all Internet electronic materials) that are identical to or confusingly similar to the HOFFMANN BROTHERS mark;

E. That this Court order Defendants to file with this Court and to serve upon Hoffmann Brothers a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with any injunction resulting from this matter within thirty days after entry to that injunction;

F. An award of monetary damages sufficient to compensate Hoffmann Brothers for the injuries suffered as a result of Defendants' wrongful conduct;

G. An award of actual damages and Defendants' profits and unjust enrichment realized from their infringement and other wrongful conduct;

15

H.  An award and order that treble damages be added to the damages in favor of Hoffmann Brothers pursuant to 15 U.S.C. § 1117;

I.  As an alternative to actual damages, statutory damages as provided for in 15 U.S.C. § 1117(c), including a finding that Hoffmann Brothers is entitled to statutory damages for willful infringement under 15 U.S.C. § 1117(c)(2);

J.  Damages to Hoffmann Brothers in the amount of at least $240,000 due to Thomas Hoffmann's breach of Section 3 of the Settlement Agreement since 2014.

K.  Damages to Hoffmann Brothers in the amount of at least $1,000,000 due to Thomas Hoffmann's breach of Section 15 of the Settlement Agreement.

L.  A declaration that Hoffmann Brothers no longer owes the sums due to Thomas Hoffmann under Section 3 of the Settlement Agreement due to Defendant's breach of such agreement;

M.  An award to Hoffmann Brothers of pre- and post-judgment interest, costs, and reasonable attorney's fees expended in this action; and

N.  An award of such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Hoffmann Brothers hereby demands a trial by jury as to all issues stated herein, and all issues so triable.

Dated: February 8, 2019

By: /s/ *Mark A. Thomas*

Mark A. Thomas (64197MO)
Jennifer E. Hoekel (45880MO)
Abigail L. Twenter (69397MO)
**ARMSTRONG TEASDALE LLP**
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
(314) 621-5070 (telephone)
(314) 621-5065 (facsimile)
mathomas@armstrongteasdale.com
jhoekel@armstrongteasdale.com
atwenter@armstrongteasdale.com

*Attorneys for Plaintiff*
*Hoffmann Brothers Heating and Air Conditioning, Inc.*