UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

HOFFMANN BROTHERS HEATING )
and AIR CONDITIONING, INC., )
                            )
       Plaintiff,           )
                            )
   vs.                      )    Case No. 4:19 CV 200 RWS
                            )
HOFFMANN AIR CONDITIONING   )
& HEATING, LLC., et al.,    )
                            )
       Defendants.          )

# MEMORANDUM AND ORDER

This matter is before the Court following the start of a hearing on plaintiff's motion for preliminary injunction. Counter-defendant Chris Hoffmann testified on direct examination before I recessed the proceedings to afford the parties the opportunity to settle this matter. The negotiations were ultimately unsuccessful. The hearing will resume at a later time to be proposed by the parties.

After reviewing all the prehearing materials filed by the parties and the evidence submitted thus far, I issue this Memorandum and Order in advance of the conclusion of the hearing to provide focus for the remainder of the hearing and perhaps a roadmap for resolution of this matter.

I believe that, under the relevant standards, plaintiff will demonstrate a likelihood of success on the merits of its claims that defendants are infringing on

the Hoffmann Brothers mark and unfairly competing with plaintiff. I do not agree with defendants' position that the prior settlement agreement sanctions the conduct at issue here, because it does not. Merely because Thomas Hoffmann is no longer precluded by the settlement agreement from using his surname does not mean that he is entitled to infringe upon the Hoffmann Brothers' mark and solicit its customers by confusing them into thinking that he is affiliated with Hoffmann Brothers when, in fact, he is not. The cases cited by defendants do not support this conclusion at all. More importantly, neither does the plain language of the settlement agreement. Tom Hoffmann may compete fairly with Hoffmann Brothers, but that will likely require that he change his company name, website (including url address), and any and all materials to include his full name along with a specific disclaimer in the same typeface and font size stating that his company is not affiliated with Hoffmann Brothers. It should go without saying, as well, that any customer who contacts Tom Hoffmann's business and asks, "Is this the Hoffmann Brothers?" should be told, "No. This company is not affiliated with Hoffmann Brothers." And Tom Hoffmann will be required to return and cease using all Hoffmann Brothers' materials, including invoices and photographs "accidentally" used for advertising. It is my understanding from defense counsel that Tom Hoffmann has stopped paying for his business name to pop up first as an advertisement when someone uses Google to search "Hoffmann Brothers" online,

so I need not enjoin that conduct, but in the absence of his voluntary cessation of that conduct the Court would likely enjoin that practice as well. That will be the likely scope of any preliminary injunctive relief awarded, if any. While the case law does not vest Tom Hoffmann with an absolute right to use his last name, I will likely not issue any injunction that precludes him from any use of his surname in his business name.

Tom Hoffmann's disparagement claim is no longer before the Court on a motion for preliminary injunction because the parties entered into a consent preliminary injunction. Nevertheless, the conduct that was at issue on that claim will likely be relevant to the pending motion for preliminary injunction. As plaintiff is requesting equitable relief, I must be mindful of the maxim that "he who comes into equity must come with clean hands." The evidence presented thus far demonstrates highly inequitable conduct on the part of Chris Hoffmann and other likely witnesses at this hearing. Chris Hoffmann (and other potential witnesses on plaintiff's witness list) will have a lot of hard questions to answer before this Court upon cross-examination. Despite these scurrilous allegations, Tom Hoffmann received a windfall from the Hoffmann Brothers' agreement to abide by the terms of the settlement agreement's non-disparagement clause because Hoffmann Brothers is specifically excluded from that clause under the terms of the settlement agreement. Tom Hoffmann is not likely to ultimately prevail on his claim that

Hoffmann Brothers breached the settlement agreement's non-disparagement clause because he would have to demonstrate that the corporation was acting as an "agent and representative" of one of the individual counter-defendants who is bound by the clause. Here, that could only be counter-defendant Robert Hoffmann. It is highly unlikely that I would ultimately determine that a corporation was acting as the "agent and representative" of one of its individual officers and directors instead of the other way around, or that counter-defendants Chris Hoffmann and Robert Hoffmann, Jr. were the "agents and representatives" of Robert Hoffmann based solely on their familial relationship.

Many of defendants' other claims are unlikely to survive the pending motion to dismiss. Unless defendants can provide some binding or persuasive authority supporting their position, defendants' fraud claim based on "fraudulent clicks" will likely be dismissed. To accept the proposition that an online user commits fraud every time he clicks on an advertisement if he does not actually intend to engage the advertised services would subject virtually every online user to civil liability. And while signing Tom Hoffmann up for services that he did not request is undoubtedly sophomoric and annoying, it is highly unlikely that I will determine that the conduct rises to the level of outrageous and shocking behavior required to state a claim for the intentional infliction of emotional distress under Missouri law, even when combined with the other allegations of the counterclaim. The other

challenged claims are unlikely to survive dismissal, either, for the reasons set out in the plaintiff's brief.

For these reasons, I urge the parties to renew their good faith efforts to resolve the pending matter without further Court intervention, as neither side will be happy with the outcome if the Court is forced to decide the matter for them. To that end, I will require the parties to return to mediation in an attempt to settle this case. The parties shall report back to the Court by no later than noon on July 23, 2019 whether they have resolved the pending preliminary injunction motion and the entirety of the case, and if not, shall propose mutually agreeable dates in August to conclude the preliminary injunction hearing.

Accordingly,

**IT IS HEREBY ORDERED** that the parties shall file a joint memorandum in accordance with this Memorandum and Order no later <u>than noon on July 23, 2019.</u>

<br>

                                              RODNEY W. SIPPEL
                                              UNITED STATES DISTRICT JUDGE

Dated this 3rd day of July, 2019.