UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HOFFMANN BROTHERS HEATING and AIR CONDITIONING, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:19 CV 200 RWS |
| HOFFMANN AIR CONDITIONING & HEATING, LLC., et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Defendants request that I reconsider my Memorandum and Order entered July 3, 2019. Defendants contend that the Court has "prejudged" the matter before it based solely on the partial testimony of one witness, when that is clearly not the case. This argument ignores the fact that this matter has been fully briefed, and my Memorandum and Order clearly states that my preliminary observations were based not only on the live testimony but also on "the prehearing materials filed by the parties." Moreover, this case is not before me for resolution on the merits, and my Memorandum and Order makes that plain as well. This is only a hearing on plaintiff's motion for preliminary relief. It is meant to be an expedited proceeding, and there is nothing untoward about the Court providing focus to the parties about the relevant legal and factual issues before it to achieve that goal. The

Memorandum and Order provides the parties with more – not less – opportunities to address the Court's concerns about the pending matter prior to the issuance of any ruling, and for that reason defendants' due process concerns are misplaced.[1]  I will not issue any ruling until all evidence has been received at the conclusion of the preliminary injunction hearing.[2]  For these reasons,

    **IT IS HEREBY ORDERED** that defendants' motion for reconsideration [97] is **DENIED**.

                                                                    _____
                                                            RODNEY W. SIPPEL
                                                            UNITED STATES DISTRICT JUDGE

Dated this 16th day of July, 2019.

---

[1] Defendants have taken that opportunity with the instant motion, describing the evidence they contend will support the denial of a preliminary injunction.  This simply demonstrates the propriety of continued mediation, and the Court urges the parties to continue their substantial good faith settlement efforts.

[2] The same is true of the Court's ruling on defendants' motion to dismiss, although defendants have now filed their response to that motion, so the matter is now under submission subject to consideration of any reply brief plaintiff may file.