UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HOFFMANN BROTHERS HEATING and AIR CONDITIONING, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:19 CV 200 RWS |
| HOFFMANN AIR CONDITIONING & HEATING, LLC., et al., | ) ) ) | |
| Defendants. | ) ) | |

## **MEMORANDUM AND ORDER**

This case is once again before the Court, this time to determine whether or not a case that was announced as settled by the appointed mediator (one of this Court's most respected) and both counsel is, in fact, really settled. After the mediator filed his ADR compliance report [Doc. # 99] and reported to the Court on July 18, 2019 that this case was settled, the Court gave the parties the standard 30-day deadline to file their dismissal papers. No party filed **anything** in response to that report informing the Court that the mediator's statement regarding settlement was inaccurate.[1] The parties only requested additional time to finalize their written settlement agreement, which the Court granted. Now, in response to

---

[1] Such an anomalous suggestion would require strict scrutiny given the complete confidence this Court places in its approved mediators and the mediation process.

plaintiff/counter-defendants' motion to enforce settlement, defendants take the position that no settlement was ever reached in this case. Defendants essentially argue that all they ever did in mediation was "agree to agree" on a settlement. Defendants then complain that it was "unfortunate" that the Court "was not informed that the parties still had to draft a Settlement Agreement and reach agreement on many material terms." [Doc. # 188]. Yet this "misfortune" could have been easily corrected by defendants at any time by the filing of a motion or during the August 15, 2019, status conference with the Court. They did not do so, choosing to only now dispute whether this case was settled. The Court will set this latest motion for a hearing. No further briefing will be permitted. Counsel should continue to engage in meaningful efforts to fully and finally resolve this issue without additional Court intervention and will be expected to report to the Court on their good faith efforts to do so prior to the start of the hearing.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to enforce settlement [112] is set for evidentiary hearing on **Monday, September 30, 2019 at 10:00 a.m. in Courtroom 16-South.**

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 16th day of September, 2019.