## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

HOFFMANN BROTHERS HEATING AND AIR CONDITIONING, INC.,

    Plaintiff/Counterclaim Defendant,

v.

THOMAS E. HOFFMANN et al,

    Defendants/Counterclaimants,

v.

HOFFMANN BROTHERS HEATING AND AIR CONDITIONING, INC., et al,

    Counterclaim Defendants.

Case No. 4:19-cv-00200-SEP

## REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

    Hoffmann Brothers agrees with Defendants that this "is not something that the Court should have to spend time addressing." ECF No. 225, p. 1. This should not be a battle that requires a motion to compel production. The Hoffmann Brothers files in Tom Hoffmann's possession are materially relevant to the parties' claims and defenses, including breach of contract and related damages. Defendants admit that the information isn't privileged. It should not be this difficult for Hoffmann Brothers to learn which of its files are in Tom's possession and how the files have been used.

    In the June 4 hearing, the parties and the Court worked out a plan to manage this issue: Hoffmann Brothers would serve interrogatories asking Defendants to identify the files in Tom Hoffmann's possession, as well as how those files have been used. *See* ECF No. 223, pp. 55-57. This would allow Hoffmann Brothers to "triage" by identifying the most material or consequential uses of Hoffmann Brothers information. *Id.*, pp. 52-54. Instead of following the plan, Defendants have thrown up another roadblock. This time, they invoke the notion of a "litigation folder" (or "litigation folders") as a basis for refusing to provide the requested information. ECF No. 225 ("Opp. Br.") at 9–10. Defendants concede that the files

1

aren't privileged, but they oddly insist that by placing documents in "litigation files" Tom has cloaked them from discovery. Defendants refuse to even search the "litigation files" for Hoffmann Brothers information. This is a frivolous position.

This Court should put an end to this by requiring Defendants to conduct a reasonable search, identify Hoffmann Brothers information in Defendants' possession, produce all such information (including copies), and state where such information has been found and how it has been used.

### A. Defendants stated that all Hoffmann Brothers information was attached to emails or in so-called "litigation folders" on Tom's computer.

Defendants' email production revealed hundreds of Hoffmann Brothers files in Defendants' possession, all of which were produced as email attachments. ECF No. 211 at 4. There is no question that Tom has accessed and used Hoffmann Brothers' files. A third-party production revealed that Defendants copied Hoffmann Brothers' employee manuals. ECF No. 204 at 4–6. Hoffmann Brothers also found a June 2019 email in which Tom sent a Hoffmann Brothers spreadsheet to his office manager. *See* ECF No. 212 at 4. Defendants have not produced this spreadsheet separately. Thus, Tom has clearly accessed and used the Hoffmann Brothers information.

As agreed in the June 4 hearing, Hoffmann Brothers served interrogatories seeking (a) identification of Hoffmann Brothers files in Tom's possession, and (b) identification of how those files have been stored, accessed, and used. *See* Ex. A (Interrogatories). Hoffmann Brothers' interrogatories included Attachment A, which was a list of the Hoffmann Brothers files that Hoffmann Brothers had already identified as attachments to Defendants' emails. *Id*. In response, Defendants stated that:

a) All Hoffmann Brothers information that Tom had retained was included on the list (ECF No. 225-2 at 7).

b) Since July 14, 2011, the files on the list have been "stored in Tom's email account as attachments to emails," and Tom "has copies of some of them in litigation folders on his computer." *Id.* at 5.

2

c) Tom has not accessed any of the files except "for purposes of litigation," with one exception: to send Hoffmann Brothers' EMPLOYEES AND SUPPLIERS spreadsheet to his employees. *Id.* at 6.[1]

**B.  The "litigation folders" ploy is baseless.**

Defendants do not even try to claim privilege in the files in "litigation folders." *See* Opp. Br. at 9-10.  Nor do they claim that the files are irrelevant. *Id.*  Defendants can only offer an impossibly speculative argument that producing the relevant, non-privileged information would be too burdensome.  *Id.* Defendants don't state how many files there are, and as explained *infra*, Mr. Hoffmann himself doesn't know.  Defendants offer only bare speculation that some of the files may include counsel's notations.  *Id.* This is a laughable basis for refusing production of relevant, non-privileged information that should have been produced years ago.

As Hoffmann Brothers has repeatedly emphasized, the purpose of these discovery requests is not to simply obtain a list of the Hoffmann Brothers files Defendants possess, but rather to determine how, when, and where Tom used Hoffmann Brothers information. This evidence is directly relevant to the existence of a breach and Hoffmann Brothers' resulting damages. Accordingly, Defendants' discovery obligations do not end when one copy of each Hoffmann Brothers document is produced in some form. The fact that it takes time and resources to "collect, review, and produce the requested discovery" does not excuse Defendants from fully responding to Hoffmann Brothers' discovery requests—as they should have done years ago.  Indeed, "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." *Carboline Co. v. A-1 Indus. Maint., Inc.*, No. 4:19 CV 1721 CDP, 2020 WL 3605295, at *3 (E.D. Mo. July 2, 2020) (citation omitted). Requiring Defendants to conduct a reasonable search for Hoffmann Brothers materials in Defendants' possession is not unusual, undue, or extraordinary, and Defendants have not shown otherwise.

---

[1] This is the June 2019 email and attachment that Hoffmann Brothers previously identified to the Court.  *See* ECF No. 212 at 4.

**C. Defendants' interrogatory responses are not credible.**

Defendants' interrogatory responses have proven not to be credible. In June 25 deposition testimony, Defendants' employee Nick Hoffmann confirmed that a January 2019 photo showed a detailed Hoffmann Brothers financial spreadsheet on Tom Hoffmann's computer desktop. *See* ECF No. 225-4. This refuted Defendants' representation that, since July 14, 2011, the Hoffmann Brothers files have been stored as email attachments or kept in so-called "litigation folders." ECF No. 225-2 at 7. Hoffmann Brothers raised this issue with Defendants' counsel, who invited counsel to question Mr. Hoffmann about the issue in his deposition. Ex. B (June 25, 2021 email response). Defendants repeated this invitation in their opposition brief. Opp. Br. at 10.

Defendants' story fell apart in Tom Hoffmann's deposition. Faced with evidence of Hoffmann Brothers information on Tom's desktop, Defendants assert that in 2011 Tom Hoffmann "collected the Hoffmann Brothers document on his desktop" in anticipation of litigation at some future date. Opp. Br. at 6.



**D. Defendants' search for Hoffmann Brothers information was manifestly deficient.**

Defendants' search for Hoffmann Brothers files was deficient. In the June 4 hearing, Defendants' counsel argued that there is a "strong incentive" for Tom Hoffmann "not to give everything" to his attorneys. ECF No. 223, p. 58. Counsel also acknowledged that search terms may be insufficient to find the Hoffmann Brothers information in Tom's possession. *Id.* Now, however, Defendants have relied on Tom Hoffmann and inapposite search terms to identify the information. *See* ECF No. 225-2 at 8.

### *i.      Defendants shouldn't rely on Tom Hoffmann's guidance.*

Given Tom's proclivity for making false statements about Hoffmann Brothers information in his possession, relying on Tom's direction in searching for this information is unreasonable. Tom initially maintained—under oath—that he had destroyed all information related to Hoffmann Brothers, consistent with his obligations under the parties' contract. *See* ECF No. 222, p. 2, n. 1. However, after Hoffmann Brothers obtained third-party discovery revealing that these sworn statements were false, Tom changed his story and claimed that he kept Hoffmann Brothers files "in folders on [his] computer in which he maintains information related to this litigation or prior litigation." ECF No. 222-2. Now that Hoffmann Brothers has discovered its detailed financials on Tom's desktop, Defendants insist that "***substantially*** all" files were in litigation folders. ECF No. 225, p. 9–10 (emphasis added). This double-talk is emblematic of Defendants' management of this issue.[2] Defendants offer no hint of how many files are not in "litigation folders," nor where they are located. No matter what Hoffmann Brothers discovered, Defendants could simply invoke the "substantially all" language in defense. It is far too late in the litigation for these kinds of smokescreens. Defendants shouldn't rely on Tom Hoffmann in locating Hoffmann Brothers information.

### *ii.     Defendants' search terms were obviously inadequate.*

Defendants' search terms—"Brothers," "Bros," "Robert," "Chris," "Joe/Joey," "Mary," "Confused," "Confusion," "Confusing," and "Trademark"—were severely inadequate. *Id.* None of the terms would have yielded key Hoffmann Brothers files at issue, including Hoffmann Brothers' detailed financial and marketing files.[3] Those terms do not appear in the file names or even the contents of those files.

---

[2] While Defendants' response to Interrogatory 19 states that the files have been stored as email attachments or kept in "litigation folders" (ECF No. 225-2 at 5), the response to Interrogatory 22 states that "substantially all" Hoffmann Brothers files are in "litigation folders." *Id*. at 8.

[3] Moreover, while the terms "Confused," "Confusion," "Confusing," and "Trademark" might be relevant to Hoffmann Brothers' trademark claim, they would not yield Hoffmann Brothers documents that Tom received prior to executing the settlement agreement in 2011, which was well before Tom started using a confusingly similar company name.

5

There is a much better way to find the Hoffmann Brothers files.  ***First***, Defendants should ensure that the operating system being used is set to search file contents (and not just file names).  ***Second***, Defendants should run file name searches using the file names that Hoffmann Brothers has already identified and listed for Defendants.  For example, the Hoffmann Brothers financial spreadsheet on Tom's computer desktop is called "ACCTS REC 1995 thru 2010."[4]  The spreadsheet is obviously material, but it isn't responsive to any of Defendants' search terms.  Defendants should run searches for that file name (or an abbreviation of it) on all locations where ESI is stored, including computer hard drives, external hard drives, and any cloud storage.  Defendants should repeat that process for the Hoffmann Brothers files known to be in Tom's possession.

Defendants should also run searches for key files using search strings taken from the file contents.  Returning to the example of the "ACCTS REC 1995 thru 2010" file, Defendants could run a search for "RES INSTALLATION," a term which appears in the file contents.  Incidentally, that same term appears in other misappropriated Hoffmann Brothers files, including "2006 THRU 2010 IN HOUSE FINANCIAL STATEMENTS" and "2010 AND 2011 1ST QRT FINANCIAL STATEMENTS FOR 2011 PROJECTIONS."  This illustrates the utility and efficacy of well-reasoned search terms.  Defendants' search terms were comparatively useless.

Further, Hoffmann Brothers has learned from Defendants' documents that Tom referred to Robert Hoffmann as "RH" and Hoffmann Brothers as "HB."  Defendants' refusal to use these search terms—***terms that Tom himself used to refer to Hoffmann Brothers***—is unreasonable and serves only to shield relevant information from discovery.

Defendants' search for Hoffmann Brothers files was deficient insofar as it relied on Tom Hoffmann and used inapposite search terms.  The Court should order Defendants to conduct a search according to the foregoing parameters.

---

[4] Tom also retained a file called ACCTS REC 1995 thru 2011. Hoffmann Brothers isn't sure which of the two files (thru 2010 or thru 2011) is on Tom's computer desktop, but the principle applies to both.

### E. Defendants may not pick and choose which relevant, responsive documents they produce.

Because Defendants concede that they have not searched all of Tom Hoffmann's files for Hoffmann Brothers documents and information, they cannot credibly represent that all such documents have been produced. *See* ECF No. 225, pp. 9–10. Obviously, Defendants cannot know the nature and content of documents they have not even reviewed.

But even if this were true, Defendants would still be depriving Hoffmann Brothers of highly relevant discovery. Defendants argue that the production of at least one copy of each Hoffmann Brothers file in their possession, in some form, is sufficient to comply with their discovery obligations. This defeats the objective of Hoffmann Brothers' discovery requests, which is to determine how, where, and when Defendants have used Hoffmann Brothers' files.

For example, Defendants claim that Tom did not use any Hoffmann Brothers documents "for purposes other than litigation or tax filing" with the two exceptions already identified by Hoffmann Brothers: (1) Defendants' use of a Hoffmann Brothers manual to create a manual for Hoffmann AC and (2) a Hoffmann Brothers document that is titled "Employees and Suppliers." ECF No. 225, p. 7, n. 3. However, Defendants have only produced the "Employees and Suppliers" document as an attachment to a June 2019 email that Tom sent Bette Derges, his office manager. Defendants have not produced the document in any other form, including its original form, preventing Hoffmann Brothers from discovering exactly how and when Tom obtained this file, where he stored this file, and how this file was used by Defendants. Indeed, though Defendants say that information from this file is "provide[d] to employees of his current companies," *see* ECF 225-2, Defendants have not produced any such documents or communications.

In short, it is very easy for Defendants to make representations about whether and how Defendants used Hoffmann Brothers' information, if they can simply refuse to search for or produce any document that might contradict their story. That is not how discovery works. Unless Defendants produce all documents and communications containing Hoffmann Brothers information—including all communications regarding documents that Tom has admitted he retained—Hoffmann Brothers will unable to learn exactly how Tom

7

obtained, used, and stored this information. As Defendants concede, Tom's retention of these documents is a breach of the Agreement (ECF No. 225, p. 10), but it is impossible for Hoffmann Brothers to evaluate the extent of the breach or the amount of its resulting damages without this discovery.

## CONCLUSION

For the foregoing reasons, the Court should grant this Motion and order Defendants to conduct a reasonable search, identify Hoffmann Brothers information in Defendants' possession, and produce all such information.

Dated: July 8, 2021

                                             Respectfully submitted,

                                             By: /s/ *Mark A. Thomas*
                                                Mark A. Thomas (64197MO)
                                                Marc W Vander Tuig (52032MO)
                                                Abigail L. Twenter (69397MO)
                                                Angela B. Kennedy (69167MO)
                                                ARMSTRONG TEASDALE LLP
                                                7700 Forsyth Blvd., Suite 1800
                                                St. Louis, Missouri 63105
                                                (314) 621-5070 (telephone)
                                                (314) 621-5065 (facsimile)
                                                mathomas@atllp.com
                                                mvandertuig@atllp.com
                                                atwenter@atllp.com
                                                akennedy@atllp.com

                                             *Attorneys for Plaintiff/Counterclaim Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 8, 2021, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, and that notice of this filing will be sent to counsel of record for the parties by operation of the Court's electronic filing system.

                                                */s/ Mark A. Thomas*