UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HOFFMANNN BROTHERS HEATING AND AIR CONDITIONING, INC, <br><br> Plaintiff, <br><br> v. <br><br> HOFFMANN AIR CONDITIONING AND HEATING, LLC,  et al., <br><br> Defendants, <br><br> v. <br> HOFFMANNN BROTHERS HEATING AND AIR CONDITIONING, INC., ROBERT J. HOFFMANN, CHRIS HOFFMANN, AND ROBERT JOSEPH HOFFMANN, JR. <br><br> Counterclaim Defendants. | ) ) ) ) ) ) ) ) Case No. 4:19-cv-00200-SEP ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**MEMORANDUM & ORDER**

Before the Court are Plaintiff's Renewed Motion to Use Certain Video Deposition Testimony at Trial, Doc. [365], and Motion for Leave to File Under Seal, Doc. [367]. Specifically, Plaintiff seeks leave to use video deposition testimony of six individuals:  Cheryle Brill, Robert Brill, Jesse Cox, Amy Bassford, Bette Derges, and Chris Grau.  Doc. [366] at 3, 6. For the reasons set forth below, the Motion to Use Certain Video Deposition at Trial is granted in part and denied in part, and the Motion for Leave to File Under Seal is granted.[1]

---

[1] In its Motion for Leave to File Under Seal, Plaintiff seeks leave to keep sealed certain medical information contained in Ms. Brill's and Ms. Kennedy's affidavits.  Docs. [368-1], [368-2].  Plaintiff has filed redacted versions of the affidavits with its Motion for Leave to Use Certain Video Deposition Testimony at Trial.  Docs. [366-1], [366-2]. After careful review of the exhibits, the Court agrees with Plaintiff that the redacted information discusses private medical information about non-party witnesses. The non-party witnesses have a legitimate interest in keeping that information private, and the public interest in obtaining that information is low.  *See IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990)) ("Where the

1

Federal Rule of Civil Procedure 32(a)(1) governs when a party may use a deposition of a witness. That provision allows litigants to use the depositions of certain unavailable witnesses at trial. *See* Fed. R. Civ. P. 32(a)(1)(C), (a)(4). Specifically, the Rule permits the introduction of a witness's deposition testimony when the Court finds that: (1) "the witness is more than 100 miles from the place of . . . trial"; (2) "the witness cannot attend or testify because of age, illness, infirmity, or imprisonment"; or (3) "exceptional circumstances make it desirable—in the interests of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used." Fed. R. Civ. P. 32(a)(4)(B)-(C), (4)(E). The Court has "considerable discretion in determining whether to admit deposition testimony." *McDowell v. Blankenship*, 759 F.3d 847, 851 (8th Cir. 2014) (citing *Allgeier v. United States*, 909 F.2d 869, 876 (6th Cir. 1990)). "The proponent of the deposition testimony bears the burden of demonstrating [the witness's] unavailability." *Synergetics, Inc. v. Hurst*, 2008 WL 2422871, at *10 (E.D. Mo. Aug. 21, 2007) (citing *Ohio v. Roberts*, 448 U.S. 56, 65 (1980) (abrogated on other grounds)).

Plaintiff argues that Bette Derges and Chris Grau are more than 100 miles from the Thomas F. Eagleton Courthouse; that Cheryle and Robert Brill, and Jesse Cox, are elderly and infirm; and that Amy Bassford's work schedule constitutes an "exceptional circumstance[.]" Doc. [366] at 3-6. Thus, Plaintiff believes that these witnesses' deposition testimony should be permitted for use at trial in lieu of their in-person testimony. Doc. [366] at 3-6. At the outset, the Court notes that Defendants do not dispute that Bette Derges and Chris Grau are unavailable witnesses pursuant to Rule 34(a)(4)(B). Ms. Derges lives in Nixa, Missouri, and Chris Grau lives in Jupiter, Florida, both of which are more than 100 miles from the location of the trial. Therefore, Plaintiff may present Ms. Derges's and Mr. Grau's deposition testimony at trial.

The Court will also permit Plaintiff to use the deposition testimony of Cheryle Brill, Robert Brill, and Jesse Cox. Plaintiff contends that the Brills are "elderly, in poor health, and are undergoing treatment for significant medical diagnoses." *Id.* at 4; *see also* Fed. R. Civ. P.

---

common-law right of access is implicated, the Court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance the interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed."); *see also United States v. Hughes*, 2022 WL 19209, at *2 (E.D. Mo. Jan. 3, 2022) (citing *IDT Corp.*, 709 F.3d at 1224) (redacting the medical information of nonparties does "not undermine the public's interest in the judicial process"). Accordingly, Docs. [368-1] and [368-2] will remain sealed on the public docket indefinitely.

32(a)(4)(C). Plaintiff has also submitted affidavits attesting that the Brills and Mr. Cox are elderly and infirm. Docs. [366-1], [366-2].

Defendants argue that those affidavits do not sufficiently support that the witnesses are unable to attend due to age or infirmity.[2] Doc. [381] at 3-4. The Court disagrees. The affidavits sufficiently demonstrate that appearing live at trial would be a substantial hardship for the Brills and Mr. Cox precisely because of their age and infirmity. While the Court agrees with Defendants that the jury should be permitted to judge the credibility of the witnesses' testimony, that consideration is less weighty where, as here, opposing counsel was present at the depositions and had the opportunity to cross-examine the witnesses. Doc. [366] at 4. Although the witnesses will not appear live at trial, Defendants remain able to make arguments about their credibility to the jury and have had a full opportunity to develop such arguments during their depositions.

Finally, Plaintiff urges the Court to permit the use of Ms. Bassford's deposition testimony pursuant to Rule 34(a)(4)(E) because her employment circumstances make it difficult for her to testify live at trial. Doc. [366] at 4-5. Specifically, Ms. Bassford submitted an affidavit informing the Court that she is a manager at a Sam's Club Optical Center, and part of her job involves accessing patients' personal health information. Doc. [366-3] ¶¶ 4, 5. Ms. Bassford states that there is only one other HIPAA-certified employee who can perform her role, who is already covering her absence the week prior to trial for a nonrefundable trip she is going on. *Id.* ¶¶ 7, 8. Therefore, she must work the week of June 6, 2022, or "there will not be anyone to run the Optical Center." *Id.* ¶ 9.

---

[2] Defendants argue that the affidavits suffer from a number of deficiencies, including that an affidavit signed by only Ms. Brill covers both her and Mr. Brill and does not state that they are unavailable due to "specific medical appointments or ongoing infirmity," and that Ms. Kennedy's affidavit is "hearsay within hearsay" because it relies on information received by an attorney from Mr. Cox's wife. Doc. [381] at 3. Defendants contend that such declarations cannot support a finding the Brills and Mr. Cox are unavailable due to age or infirmity under Rule 32(a)(4)(C). *Id.* Moreover, Defendants assert that Plaintiff's "true motivation" for seeking leave to use deposition testimony at trial is because some of the customers' memories have been compromised. *Id.* at 7. The Court finds the evidence submitted by Plaintiff to be sufficient, despite Defendants' contentions that Plaintiff could have submitted more or different information about the witnesses' medical conditions. Defendants provide no case law supporting their claim that the Court may not rely on the affidavits for a finding under Rule 32(a)(4)(C), and the deficiencies identified are unsurprising given the statements' contents (i.e., attestations to a witness's limitations due to age and/or infirmity). Further, there is no evidence that Plaintiff filed this Motion for illegitimate reasons, or that the assertions contained in the affidavits are false.

3

The Eighth Circuit has stated that "Rule 32(a)(4)(E) permits deposition testimony where, in the district court's judgment, live testimony from the deponent is impossible or highly impracticable and the interests of justice, with due regard to the importance of live testimony in open court, counsel in favor of admissibility." *McDowell*, 759 F.3d at 851 (cleaned up) (citing *Griman v. Makousky*, 76 F.3d 151, 153 (7th Cir. 1996); *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 963-64 (10th Cir. 1993)). In *McDowell*, the Eighth Circuit also agreed with its sister circuits that the "exceptional circumstances" language of Rule 32(a)(4)(E) should be considered in light of Rule 32(a)(4)'s enumerated situations in which deposition testimony is permitted, including that the witness "is dead; at a great distance; aged, ill, infirm, or imprisoned; or unprocurable through a subpoena." *Id.* (internal quotation marks omitted) (quoting *Allgeier*, 909 F.2d at 876). Following that instruction, the Court finds that Plaintiff has failed to demonstrate that Ms. Bassford is unavailable due to "exceptional circumstances." Nor can the Court find that Ms. Bassford's attendance at trial is "impossible or highly impracticable" to a comparable degree as the other grounds for allowing deposition testimony under Rule 32(a)(4). *Id.* (citations omitted). The Court is sympathetic to the staffing issues Ms. Bassford faces at her job, but that alone cannot justify the use of a witness's deposition over live testimony. As Defendants point out, there may be ways to mitigate the impact of Ms. Bassford's testimony on her employment, and the Court will ensure that any reasonably possible measures are taken to facilitate her live testimony.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Renewed Motion to Use Certain Video Deposition Testimony at Trial, Doc. [365], **GRANTED in part** and **DENIED in part.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Under Seal, Doc. [367], is **GRANTED.**

Dated this 1st day of June, 2022.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE