UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HOFFMANN BROTHERS HEATING AND AIR CONDITIONING, INC, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 4:19-cv-00200-SEP |
| HOFFMANN AIR CONDITIONING AND HEATING, LLC, et al., | ) ) ) ) | |
| Defendants, | ) ) ) | |
| v. | ) | |
| HOFFMANN BROTHERS HEATING AND AIR CONDITIONING, INC., ROBERT J. HOFFMANN, CHRIS HOFFMANN, AND ROBERT JOSEPH HOFFMANN, JR. | ) ) ) ) ) | |
| Counterclaim Defendants. | ) ) | |

**MEMORANDUM AND ORDER**

Following the pretrial conference held in this matter on June 3, 2022, the Court issues the following rulings on the parties' motions in limine:

Plaintiff's Omnibus Motion in Limine, Parts 1,2,4,5,7,8,9, and 10, and Defendants' Motion in Limine #3 are all **GRANTED** by consent of the parties. The parties are conferring on Defendants' Motion in Limine #5. The rest are resolved as follows:

**Plaintiff's Motion in Limine #1 Regarding Third Party Companies – DENIED**

The Court is not persuaded that the categorical exclusion of all evidence related to third party companies is justified on any of the bases argued in the motion. Plaintiff may lodge objections based on irrelevance, confusion, or hearsay as evidence is presented at trial.

**Plaintiffs' Motion in Limine #2 to Exclude Evidence Related to Dismissed Claims – DENIED**

The Court declines to find that such evidence is categorically excluded but will consider objections on this basis as the evidence comes in at trial.  As discussed at the June 3, 2022, pretrial conference, the Court does not find the allegedly defamatory conduct toward Tom to be probative of whether its perpetrators believed that he was entitled to use the Hoffmann mark; thus, the probative value of such evidence for that purpose is substantially outweighed by the danger of unfair prejudice.  Fed. R. Ev. 403(b).  As also discussed at the hearing, however, some of the evidence related to dismissed claims may be sufficiently probative of other elements of Defendants' remaining claims that it would not be subject to exclusion under Rule 403(b).

**Plaintiff's Motion in Limine #3 to Exclude Hearsay Evidence Regarding Des Peres Reports – DENIED**

Plaintiff seeks to exclude "any hearsay evidence, testimony, or comments at trial related to the Des Peres defamation allegations."  For the reasons discussed in relation to Plaintiff's second motion in limine, this evidence cannot be categorically excluded on relevance grounds.  Plaintiff's hearsay objections are premature, since it is as-yet-unclear what statements Defendants will seek to introduce and for what purpose.

**Plaintiff's Motion in Limine #4 to Preclude New or Undisclosed Damages Theories – GRANTED IN PART AND DENIED IN PART.**

Defendants consent to this Motion in part, conceding that Melissa Gragg will be used only as a possible rebuttal witness and that Defendants are not seeking damages under a diminution theory.  As to the testimony Defendants intend to introduce as evidence of damages related to the prima facie tort claim, however, the Motion is denied.  In light of Defendants' disclosure on August 6, 2021, the Court finds any failure to comply with Rule 26(a) to be harmless:  the disclosure occurred shortly after the end of fact discovery; the evidence cited was not a surprise or unduly complex; its introduction will not disrupt the trial; if it required further development by Plaintiff, Plaintiff had plenty of time to seek a remedy from the Court; and there is no evidence that Defendants acted in bad faith.  *See Rodrick v. Wal-Mart Stores E., L.P.*, 666 F.3d 1093, 1096-97 (8th Cir. 2012).

**Plaintiff's Motion in Limine #5 Regarding Acquiescence and Unclean Hands – DENIED.**

*Unclean Hands*

Plaintiff argues that there are no facts in dispute related to the unclean hands defense, and that evidence related to the misconduct that formed the basis for Defendants' defamation claims would unduly prejudice the jury's analysis of the trademark claims. Plaintiff also argues that Defendant should be prohibited from raising the unclean hands defense entirely, because it doesn't have a sufficient nexus to Plaintiff's claims.

Defendants respond that Plaintiff's motion is a substantive motion on the merits disguised as a motion in limine, and that Plaintiff should have raised this issue in a dispositive motion. Defendants further argue that the facts related to the Google scheme and defamatory statements are sufficiently related to the subject matter of the litigation to support an unclean hands defense, because Plaintiff's deceitful tactics "solidified Counterclaimants' belief that their use of 'Hoffmann' was authorized." If not, Defendants argue, Plaintiff would have brought suit earlier, rather than engage in "fraudulent" conduct, and thus Plaintiff's misdeeds constitute "entrapment."

The Court again disagrees with the inference Defendants seek to draw from the Counterclaim Defendants' alleged misdeeds. The suggestion that their defamation of Tom "entrapped" him into using the Hoffmann mark—or "furthered the alleged infringement"—is implausible at best. Nor do any of their cited cases support the notion that a mark owner's mistreatment of its infringer can constitute unclean hands even if that misconduct does not relate to the trademark rights at issue in the case. *See, e.g.*, *Nestlé Purina Petcare Co. v. The Blue Buffalo Co. Ltd.*, 2016 WL 4272241, at *3–5 (E.D. Mo. Aug. 12, 2016).

*Acquiescence*

Plaintiff is concerned that evidence related to acquiescence will "bleed into" the evidence related to contractual consent and also believes the acquiescence defense should be stricken because Defendants failed to timely raise the defense.

Defendants argue that the defense was pled in their Answer to the Second Amended Complaint, and that even if that was insufficient, Defendants could have sought relief from the Court before the eve of trial. The Court agrees and will not strike the defense as untimely.

Defendants also argue that there is overlap between the acquiescence and contractual consent arguments, and the motion in limine is just another attempt by Plaintiff to bifurcate the trial, which the Court has already denied.  The Court agrees with Defendants that—to the extent that it is foreseeable at this stage—there appear to be common issues of fact between the two.  The motion in limine is denied to the extent it would preclude the introduction of evidence that relates to contractual consent, a legal claim.  Defendants will refrain from arguing its equitable defenses to the jury, however, and the Court will confer with the parties about limiting instructions or any other proposals for curing any unavoidable confusion.

Nothing in this response should be interpreted as opening the door to evidence that is irrelevant to any of the parties' *legal* claims.  Plaintiff is free to lodge objections to any such evidence at trial.

**Plaintiff's Omnibus Point 3:  Evidence or argument relating to the parties' relative size, resources, or ability to pay a judgment – DENIED.**

Plaintiff wants to exclude evidence related to the parties' relative wealth, company size, or ability to pay a judgment, because those issues are irrelevant and unduly prejudicial to Plaintiff.  Defendants do not intend to offer evidence regarding Plaintiff's ability to pay a judgment, but they want to introduce evidence related to Plaintiff's resources and customer base.  They claim that it is relevant to customer confusion.  Defendants argue that any reference to Plaintiff's financial resources can be remedied through a limiting instruction, although they do not propose one.

At oral argument on June 3, 2022, Plaintiff's counsel conceded that some information falling under this motion in limine might be admissible and allowed that the issue could be addressed, by limiting instruction or otherwise, at trial.

**Plaintiff's Omnibus Point 6:  Undisclosed or otherwise improper lay opinion testimony –  DENIED**

Defendants state that they "seek only to introduce testimony that, as Hoffmann Heating & Air Conditioning's aggregate Google reviews rating decreased from 4.9 to 2.9 . . . it received less business."  They also state that they may offer testimony regarding general observations "that when online reviews and aggregate ratings are favorable, it is intuitive that a business will receive more interest from customers than when its reviews and

4

ratings are poor." *Id.* If the testimony offered by witnesses for Defendants is restricted to such topics, it is the type of lay opinion testimony allowed under Rule 701. Under Federal Rule of Evidence 701, lay witnesses may provide opinion testimony which is (a) rationally based on the perception of the witness, (b) helpful to clearly understanding the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701.

It is true that opinion testimony about other parties' knowledge, intent, state of mind, or motives is improper, but testimony that people generally may be less inclined to hire a business that has large numbers of negative online reviews is simply not the same thing as testimony regarding a particular person's state of mind.

**Plaintiff's Omnibus Point 11:  Evidence or argument regarding Chris and Joe's prior acts – DENIED.**

Consistent with the response to Plaintiff's Motion in Limine #2, the Court declines to find that this evidence is categorically excluded but will consider objections to such evidence as it is introduced at trial.

Plaintiff argues that Defendants should be prevented from "injecting irrelevant prior actions of Chris and Joe." Plaintiffs do not specify what prior acts may be at issue. Based on oral argument at the June 3, 2002, pretrial conference, it appears that this motion is directed at actions including those that have been characterized as the "Slime Campaign," the "Family Letter," the Des Peres police reports, and the inconsistencies between the depositions of Joe and Chris and their later declarations.

Defendants assert that evidence of these past acts is directly relevant to the intent element of Tom's prima facie tort claim against Joe for. They further argue that this evidence is relevant to their defenses to the trademark infringement claim. Finally, they argue that if the Court were to exclude this evidence, they should nonetheless be allowed to use such evidence for impeachment purposes.

The Court agrees with Defendants that evidence of Joe's past acts could be relevant to the intent element of the prima facie tort claim, and without knowing more about the specific evidence, is not prepared to hold that no such evidence could be used for impeachment.

5

**Defendants' Motion in Limine #1 to Exclude Evidence of Alleged Bad Business Practices – DENIED.**

The quality of Tom's services goes to the degree of injury Plaintiff has suffered from the alleged confusion; therefore, the Court will not exclude it.  However, if Plaintiff introduces evidence to show the "delta" between the two companies, that will open the door to evidence from Defendants that the gap was not wide.

**Defendants Motion in Limine #2 to Exclude Evidence of Not Advertising in North City – GRANTED.**

The risk of undue prejudice substantially outweighs the probative value.  Fed. R. Evid. 403.  Plaintiff can talk about Defendants' refusal to advertise throughout the *entire* St. Louis area without specifically identifying North County or North City.

**Defendants Motion in Limine #4 to Exclude Evidence of Downloading Robert's Emails – DENIED**

The Court does not see the relevance of this evidence to Plaintiff's prior breach affirmative defense against Tom's disparagement claim.  Nevertheless, it seems conceivable that it would be relevant to other claims.  Therefore, the Court will not exclude it categorically but will consider objections as the evidence comes in.

**Defendants' Motion in Limine #6 to Exclude Untimely Produced Documents and Disclosed Witnesses – GRANTED IN PART AND DENIED IN PART.**

Supplemental Production I, disclosed February 11, 2022, **DENIED**; Defendants had time to seek permission to reopen discovery or to seek other relief from the Court.

Supplemental Production II, **GRANTED**.  Social media posts are readily manipulable and there is insufficient time between production and trial for Defendants to adequately conduct discovery to confirm or challenge the evidence.  The submission also contains content whose probative value is substantially outweighed by the danger of unfair prejudice.  Fed. R. Evid. 403.

Supplemental Production III, disclosed 5/12/22, **GRANTED**, on Plaintiff's concession.

Supplemental Production IV, disclosed 5/17/22, **GRANTED**.  Disclosure is too close to trial for Defendants to cure any prejudice.

The Court finds that evidence of actual confusion with the Thomas Hoffmann Air Conditioning & Heating LLC is probative of likelihood of confusion with Hoffmann AC and so will not categorically exclude such evidence.

The motion to exclude witnesses Schubel and Edsel is **DENIED**, as their late disclosure is substantially justified, *see* Rule 37(c); their testimony will not be disruptive to the trial; and Defendants have shown no specific prejudice sufficient to justify the "harsh penalty" of exclusion of evidence. *Severance v. Chastain*, 2018 WL 5995393, at *2 (E.D. Mo. Nov. 15, 2018).

**Defendants' Motion in Limine #7 to Exclude Hearsay Testimony Regarding Customer Confusion – DENIED**.

Out-of-court statements of customer confusion can come in as non-hearsay, as long as it is not being produced to prove the truth of the matter asserted. See *A.I.G. Agency, Inc. v. Am. Int'l Grp., Inc.*, 33 F.4th 1031, 2022 WL 1509536, at *4, n.1 (8th Cir. 2022).

**Defendants' Motion in Limine #8 to Exclude Improper Damages Testimony – DENIED**

Plaintiff represented that it is seeking actual damages in the form of: (1) lost profits under a proxy theory and (2) corrective marketing. Plaintiff disclosed both theories with sufficient time for Defendants to have made an objection before the eve of trial.

As to Defense Counsel's oral argument that Defendants cannot establish the necessary causal nexus to show their damages on the proxy theory, the Court cannot rule on that argument without evaluating the evidentiary record, which is not possible on a motion in limine. The time for summary judgment briefs is past; therefore, Defendants will get to submit whatever evidence they may have a trial, and if they fail to adduce sufficient evidence, the Court can grant judgment as a matter of law and/or modify the jury instructions accordingly.

**Defendants' Motion in Limine #9 to Exclude Evidence of Defendants' Revenues and Profits as a Measure of Damages – DENIED.**

The Court declines to decide an equitable issue before the jury finds the facts and decides the legal claims.

So ordered this 4th day of June, 2022.

                                                SARAH E. PITLYK
                                                UNITED STATES DISTRICT JUDGE