UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HOFFMANN BROTHERS HEATING AND AIR CONDITIONING, INC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:19-cv-00200-SEP ) |
| HOFFMANN AIR CONDITIONING AND HEATING, LLC, et al., | ) ) ) |
| Defendants, | ) ) ) |
| v. HOFFMANN BROTHERS HEATING AND AIR CONDITIONING, INC., ROBERT J. HOFFMANN, CHRIS HOFFMANN, AND ROBERT JOSEPH HOFFMANN, JR. | ) ) ) ) ) ) |
| Counterclaim Defendants. | ) ) |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Emergency Motion for Pretrial Disclosure of Damages Information. Doc. [431]. Defendants have informed the Court that they oppose the motion on the basis that supplemental discovery they requested in the pretrial conference was denied. For the reasons set forth below, the Motion is granted.

Plaintiff seeks disclosure of information that Defendants are obliged to disclose under Federal Rule of Civil Procedure 26(a)(1)(A)(iii), and that they must already have prepared for the trial that begins on Monday. Although both parties could have cured any prejudice by requesting discovery they now deem indispensable before the pre-trial conference—and for that reason the Court found any failure by Defendant to comply with Rule 26(a) with respect to its damages theory to be harmless, *see* Doc. [429] at 2—there is otherwise no comparison between the information requested by Plaintiff and the deposition Defendants asked the Court to grant them permission to conduct over the weekend before trial. Among the salient differences: Defendant was under a standing

obligation to provide the requested information even absent a request from opposing counsel; Plaintiff asked for the information repeatedly over the course of the litigation; and disclosure of information that is already developed for use at a trial starting Monday is a much lesser burden than conducting a deposition over the weekend before trial on no notice.

The timing of this requirement is no doubt lamentable, but it should be noted that Defendants have been on notice that Plaintiff was seeking relief from this Court for their failure to produce this information since May 27, 2022, and they have been on notice of their obligation to produce it under the Federal Rules of Civil Procedure for far longer.  Defendants' counsel could have spared itself any burden that this obligation now imposes—and could have spared everyone the unnecessary motion practice on this issue—by simply complying with Defendants' obligations under Rule 26 without having to be compelled to by this Court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Emergency Motion for Pretrial Disclosure of Damages Information, Doc. [431], is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants will produce to Plaintiff's counsel **no later than 5 PM on June 5, 2022**, with respect to their *prima facie* tort claim:  A computation of damages and/or a summary of how damages should be calculated, and a summary of the evidence on which they intend to rely at trial to support their damages claim.

Dated this 4th day of June, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE